## JOHN M. ANDERSON
### V.
## IRASON TAYLOR.

*Contracts—Construction—Dependent Clauses—Instructions.*

In an action on a con'ract providing for the support of the mother-in-law of the defendant, she also being the wife of the plaintiff, this court holds as erroneous an instruction to the effect that the conditions contained in the contract are independent of each other.

[Opinion filed October 3, 1888.]

APPEAL from the Circuit Court of Coles County; the Hon. C. B. SMITH, Judge, presiding.

Mr. A. J. FRYER, for appellant.

Messrs. CRAIG & CRAIG, for appellee.

CONGER, J.   This was a suit instituted upon the following contract:

"Know all men by these presents, that whereas the undersigned has jointly purchased with Sarah Taylor, wife of Irason Taylor, forty acres of land in the town of Ashmore, now, if the said Irason Taylor shall support the said Sarah Taylor, his wife, with necessary food and raiment during her natural life, in case he, the said Irason Taylor, shall survive her, and for other valuable considerations, the said undersigned agrees for that purpose to give to the said Irason Taylor the use and occupation of the east half of said forty-acre tract, and in case the said Irason Taylor survives the said wife, then in consideration of the interest the said Irason has in said land, the said undersigned undertakes and agrees to pay the said Irason the sum of three hundred dollars.

"Given under my hand this 15th day of October, 1885.
                              "JOHN M. ANDERSON."

The defenses set up were:— That Taylor never complied with his part of the contract, for the reason that he

failed to take care of his wife and that Anderson had expended more than the amount of the $300 mentioned in the contract in taking care of Taylor's wife at his request. The trial resulted in a 'verdict and judgment in favor of appellee for $300.

The court instructed the jury that the agreement consisted of two parts, each of them independent of the other; that the portion giving to Taylor the use and occupation of the east half of said forty-acre tract in consideration of the support rendered by Taylor to his wife, was independent of the latter portion of the agreement, by which Anderson agrees under certain contingencies to pay Taylor $300 for his interest in the land.

We are inclined to think the court below erred in so instructing the jury. While the agreement is not entirely clear or free from doubt, we think the true construction of its meaning is that these clauses are not independent of each other, but dependent; that the consideration which moved Anderson to promise to pay the $300, was the interest, whatever it was, that Taylor had in the land, and in addition thereto the support by Taylor of his wife.

For this error the judgment of the Circuit Court will be reversed, and the cause remanded.

